IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN BENEDICT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF MALVERN, et al. | : | NO. 15-6462 |

MEMORANDUM

Dalzell, J.                                                                    April 5, 2016


I.      **Introduction**

We consider here the defendants' motions to dismiss the amended complaint. Plaintiff

Kathleen Benedict has sued the Borough of Malvern, the Malvern Fire Company, and Michael

Bernard McMahon, Jr. for an incident that occurred on December 10, 2013 that left her

permanently and severely injured. We have jurisdiction over Benedict's federal claims pursuant

to 28 U.S.C. § 1331, and supplemental jurisdiction over her state law claims pursuant to 28

U.S.C. § 1367.

For the reasons explained below, we will dismiss the amended complaint, but without

prejudice to filing a second amended complaint.


II.     **Standard of Review**

A defendant moving to dismiss under Fed R. Civ. P. 12(b)(6) bears the burden of proving

that the plaintiff has failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); see also, e.g.,

Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion,

the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible

claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action…do not suffice." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as they appear in the amended complaint.

III.   **Factual Background**

On December 10, 2013, at approximately 3:38 P.M., defendant Malvern Fire Company dispatched an ambulance to 5 Birch Road in Malvern, Pennsylvania, in response to a diabetic-type emergency. Am. Compl. ¶ 12. Defendant Michael Bernard McMahon, Jr., an emergency

2

medical technician, arrived with two other emergency medical technicians ("EMTs"). Id. at ¶ 13.
They all approached plaintiff Kathleen Benedict in her kitchen. Id. at ¶ 14.

It was immediately apparent to the EMTs that Benedict was suffering from extreme
hypoglycemia and acting erratically. Id. at ¶ 15. These EMTs were familiar with Benedict and
knew she was in poor health when they arrived. Id. at ¶ 16. The EMTs surrounded Benedict, and
defendant McMahon physically restrained her as she tried to exit the house. Id. at ¶¶ 17-18.
Benedict unintentionally knocked McMahon's hat and glasses from his head. Id. at ¶ 19.

McMahon responded by grabbing Benedict's shirt and elbowing her across the right side
of her head, knocking her to the floor. Id. at ¶ 20. Benedict collapsed and was taken to Paoli
Hospital, where she arrived in an unresponsive state. Id. at ¶¶ 25-26. She was diagnosed with a
significant subdural hematoma and bleeding in the brain, requiring an emergency decompressive
craniotomy. Id. at ¶ 26. Her treating physician concluded that the brain injury was consistent
with a recent blow to the head and her odds of meaningful survival were low. Id. at ¶ 27.
Benedict sustained permanent neurologic impairment and other significant debilitating injuries,
including, but not limited to, right-side paralysis, significant cognitive impairment, memory loss,
scarring, neuro-motor impairment, and brain injury. Id. at ¶ 28.

After striking Benedict, McMahon left the house, approached an East Whiteland
Township EMT, and announced that he "made a mistake," had a "bad temper," and "probably
shouldn't have done that but I got angry." Id. at ¶¶ 22-23. McMahon described his conduct as
"knocking her for a loop," and stated that he needed to defend himself and his crew from
Benedict. Id. at ¶ 21. McMahon later described Benedict as an "asshole." Id. Benedict alleges
further that McMahon was widely known by his nickname, "McAngry," and that McMahon's

violent propensities were known, or should have been known, to the Malvern Fire Company and

defendant Borough of Malvern. Id. at ¶ 34.

**IV.**     **Discussion**

In Count I, Benedict brings a claim against McMahon under 42 U.S.C. § 1983 for

violations of the Fourteenth Amendment. Am. Compl. ¶¶ 40-41. In Count II, Benedict brings a

Section 1983 claim against the Borough of Malvern and the Malvern Fire Company under a

theory of supervisory liability. Id. at ¶¶ 47-54. In Count III, Benedict asserts supplemental state

law claims against McMahon for unlawful seizure, malicious acts, intentional and wanton acts of

negligence, gross negligence, and assault and battery. Id. at ¶ 56.[1] The three defendants filed

separate motions to dismiss, albeit with overlapping arguments.

**A.**     **Count I: Fourteenth Amendment Claim Against McMahon**

Benedict alleges that McMahon's conduct deprived her of her right to be secure in her

person against assault and battery and that his conduct constituted unreasonable and excessive

force in violation of the Fourteenth Amendment. Am. Compl. ¶¶ 40-41. Benedict does not

elaborate further in her amended complaint as to how McMahon violated her rights under the

Fourteenth Amendment. See id. at ¶¶ 1-2, 35, 37, 41 (referring to the Fourteenth Amendment

without further specificity.) McMahon argues that Benedict's "bare bones" and conclusory

allegations that he violated her Fourteenth Amendment rights fail to set forth sufficient factual

matter to survive a motion to dismiss. McMahon Mot. to Dismiss ("MTD") Br. at 17. McMahon

---

[1] Benedict's amended complaint also included Fourth Amendment claims, but Benedict
withdrew them as to all three defendants. See Pl.'s Reply Br. to McMahon MTD at unnumbered
p. 13 (withdrawing her Fourth Amendment claims and stating no objection to the dismissal of
those claims).

also argues that Benedict failed to timely file her response brief, and thus his motion to dismiss should be granted as uncontested. McMahon Reply Br. at unnumbered pp. 1-2.

Benedict argues that her amended complaint demonstrates that McMahon, a state actor by virtue of his employment as a paramedic or EMT, violated her substantive due process rights under the Fourteenth Amendment through conscience-shocking conduct or, in the alternative, in accordance with a state-created danger theory of liability. Pl.'s Reply Br. to McMahon MTD at unnumbered pp. 12, 18, 22. Benedict also argues that her failure to include the Fourteenth Amendment in the heading of Count I was a harmless typographical error, that the complaint read in its entirety clearly pleads two separate constitutional violations, and that McMahon conceded in his reply that a Fourteenth Amendment claim would survive a motion to dismiss by virtue of his citation to Ziccardi v. City of Philadelphia, 288 F.3d 57 (3d Cir. 2002). Pl.'s Sur-Reply Br. at 2.

We find plaintiff's amended complaint fails to clearly set forth a Fourteenth Amendment substantive due process claim against McMahon. Benedict's scattered references to the Fourteenth Amendment are insufficient to state a facially plausible claim for relief, and she cannot bolster those references with the more extensive arguments in her pleadings in response to McMahon's motion to dismiss. See Frederico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007) (explaining that a court does not consider after-the-fact allegations to determine the sufficiency of a complaint under Rule 12(b)(6) because a complaint may not be amended by the briefs in opposition to a motion to dismiss).

We will therefore dismiss Count I of the amended complaint, but without prejudice to Benedict filing a second amended complaint.

**B.     Count II: Supervisory Liability Claims Against
        <u>The Borough of Malvern and The Malvern Fire Company</u>**

Benedict also claims that the Borough of Malvern and the Malvern Fire Company failed

to train and supervise McMahon and knew of the possibility of McMahon's improper conduct.

Am. Compl. ¶¶ 48-49. She also alleges that the defendants have a policy, practice, or custom of

failing to adequately discipline, train, and supervise McMahon. <u>Id.</u> at ¶¶ 51-53.

The Borough of Malvern argues that it cannot be liable under a <u>Monell</u> theory of liability

because it does not employ McMahon and because the <u>Monell</u> claim is a mere formulaic

recitation of the legal standard. Borough of Malvern MTD Br. at 3-4. Benedict responds that the

Borough of Malvern knew about McMahon's nickname. Pl.'s Reply Br. at 2.

The Malvern Fire Company argues that there is no underlying constitutional violation by

McMahon to ground Benedict's supervisory liability claims, that her <u>Monell</u> claim is merely a

conclusory and formulaic recitation of the standard, and that McMahon's nickname is

insufficient to show a pattern of past similar constitutional violations or deliberate indifference to

McMahon's conduct. Malvern Fire Company MTD Br. at 3, 8, 10-11. Benedict contends that the

Malvern Fire Company's knowledge of McMahon's nickname and her allegations that the

defendants knew about his anger issues and violent propensities suffice to ground her <u>Monell</u>

claim. Pl.'s Reply Br. to Malvern Fire Company MTD at 6, 8, 19-20. The Malvern Fire

Company responds that the amended complaint does not allege a separate Fourteenth

Amendment substantive due process claim and that much of her argument is predicated upon

assertions found only in her briefs and not in her amended complaint. Malvern Fire Company

Reply Br. at 2.

As we will dismiss Count I of the amended complaint, there is no underlying

constitutional violation to ground <u>Monell</u> liability against either the Borough of Malvern or the

Malvern Fire Company. Further, Count II sets forth only a formulaic recitation of the <u>Monell</u> standard for liability and lacks the requisite specificity or supporting factual averments to withstand a motion to dismiss: McMahon's nickname alone cannot support a <u>Monell</u> claim against his employer. We will therefore also dismiss Count II of the amended complaint, but without prejudice to plaintiff filing a second amended complaint.

### C.      <u>Count III: Supplemental State Law Claims Against McMahon</u>[2]

McMahon argues that his alleged conduct does not fall within any of the exceptions to governmental immunity under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541 <u>et seq.</u>, and to the extent that his actions are alleged to be intentional, Benedict cannot pursue a claim against him under that Act. McMahon MTD Br. at 18-19. He also argues that her claims against him under the Pennsylvania Civil Rights Act and Pennsylvania Constitution are conclusory. <u>Id.</u> at 20. Benedict argues that McMahon's conduct is actionable because it falls under 42 Pa. C.S. § 8550 for willful misconduct and her amended complaint includes a claim for assault and battery. Pl.'s Reply to McMahon MTD at unnumbered pp. 28-29. McMahon again objects that Benedict's response was untimely filed and should not be considered. McMahon Reply Br. at unnumbered p. 1.

We have supplemental jurisdiction over Benedict's state law claims because they form part of the same case or controversy implicated in her federal claims. <u>See</u> 28 U.S.C. § 1367(a). But we have dismissed all of Benedict's claims under Section 1983 over which we had original jurisdiction and, under such circumstances, we may decline to exercise supplemental jurisdiction over related state law claims. <u>See</u> 28 U.S.C. § 1367(c)(3). We will therefore decline to exercise

---

[2] Benedict clarified that she brings Count III with respect to defendant McMahon only and not as to the other two defendants. Pl.'s Reply Br. at 1.

supplemental jurisdiction over Benedict's state law claims and dismiss Count III, but without prejudice to her filing a second amended complaint.

**V.**     **Motion For A Protective Order**

McMahon filed a motion for a protective order regarding certain expunged records in relation to the underlying incident in this litigation. As we have dismissed the entire amended complaint, that motion is now moot. We will therefore deny that motion as moot, but without prejudice to refiling at an appropriate time should Benedict elect to file a second amended complaint raising the same issues if she can do so conformably with Fed. R. Civ. P. 11.

**VI.**     **Conclusion**

Benedict's amended complaint fails to state a facially plausible claim for relief under Section 1983 and the Fourteenth Amendment against any of the three defendants. Since we will dismiss the claims over which we have original jurisdiction, we decline to exercise supplemental jurisdiction over Benedict's related state law claims. We will grant all three defendants' motions to dismiss and dismiss the amended complaint in its entirety, but without prejudice to plaintiff filing a second amended complaint. An appropriate Order follows.

BY THE COURT:

  /s/ Stewart Dalzell, J.
Stewart Dalzell, J.