IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN BENEDICT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BERNARD MCMAHON, JR. | : | NO. 15-6462 |

MEMORANDUM

Dalzell, J.                                                                                                    July 12, 2016

## I.     Introduction

We consider here non-party movant East Whiteland Township's (the "Township") motion to quash and defendant Michael Bernard McMahon, Jr.'s (hereinafter "McMahon") motion for a protective order. Plaintiff Kathleen Benedict seeks records held by the East Whiteland Township Police Department (the "Police Department" or "Department") relating to McMahon's arrest and prosecution with respect to a December 10, 2013 incident that is also the subject of this civil litigation, as well as any and all other records pertaining to McMahon the Department has in its possession. After McMahon was acquitted of all charges in relation to that incident, he sought and was granted an Order of Expungement applicable to those records. Although the Police Department slated those records for destruction, Benedict subpoenaed them before they could be destroyed. The Township seeks to quash Benedict's subpoena, and McMahon has moved for a protective order to preclude Benedict from discovering the records.

## II.    Standard of Review

On timely motion, we must quash or modify a subpoena that requires the disclosure of privileged or other protected matter if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii). Unless otherwise limited by a court order, parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. Id.

      A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending, and the motion must include a certification that the movant has in good faith conferred, or attempted to confer, with the affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). We may, for good cause shown, issue an order to protect such party or person from annoyance, embarrassment, oppression, undue burden or expense. Id. This order may forbid or specify terms for such disclosure or discovery, prescribe an alternate method, forbid inquiry into certain matters or limit the scope of disclosure or discovery, and otherwise direct the timing, means, and scope of discovery. Fed. R. Civ. P. 26(c)(1)(A)-(H).

      Good cause exists when a party specifically demonstrates that disclosure will cause a clearly defined and serious injury. Glenmede Tr. Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995). We must balance the private and public interests in disclosure, including, but not limited to, whether: (1) such disclosure will violate any privacy interests, (2) the information is being sought for a legitimate or improper purpose, (3) disclosure will cause a party embarrassment, (4) confidentiality is being sought over information important to public health or safety, (5) the sharing of information among the litigants will promote fairness and efficiency, (6) a party

benefitting from the Order is a public entity or official, and (7) the case involves issues important to the public. Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787-91 (3d Cir. 1994)).

### III.    Factual Background

Benedict is suing McMahon under 42 U.S.C. § 1983 and Pennsylvania law for injuries she sustained during an incident in her home on December 10, 2013. We recounted Benedict's allegations in greater detail in our prior Opinion, Benedict v. Borough of Malvern, No. 15-6462, 2016 WL 3059540, *1-2 (E.D. Pa. May 31, 2016) (Dalzell, J.) (unreported). In short, Benedict alleges that McMahon, a paramedic dispatched to her home, struck her in the head while providing medical assistance to her during a diabetic-type medical emergency and caused her serious, permanent, and debilitating injuries. Id.

McMahon was subsequently charged with assault and other related charges in the Court of Common Pleas of Chester County, Pennsylvania, and found not guilty on all counts. Township Mot. at ¶ 4; McMahon Mot. at ¶ 2; Benedict Resp. to McMahon Mot. at ¶ 2. Pursuant to Pa. R. Crim. P. 790, McMahon then petitioned that court to expunge the record relating to this incident. McMahon Mot. at ¶ 3; Benedict Resp. to McMahon Mot. at ¶ 3. The court granted his petition on July 27, 2015, and the petition was certified from the record on October 8, 2015. McMahon Mot. at ¶ 4; Benedict Resp. to McMahon Mot. at ¶ 4. The Order provides that:

> The defendant's arrest record regarding these charges shall be expunged. Further, it is ORDERED that the arresting agency shall destroy all criminal records, fingerprints, photographic plates and photographs pertaining to the charge(s) specified below, which resulted from the arrest of Michael McMahon, Jr.. In addition, all criminal justice agencies upon which this order is served shall expunge and destroy the official and unofficial arrest and other criminal records, files and other documents pertaining to the captioned proceedings.

McMahon Mot. Ex. A.

3

McMahon served a copy of the Order upon the Police Department. McMahon Mot. at ¶ 7; Township Mot. at ¶¶ 9-10. The Department was in the process of complying with the expungement order, but to date has yet to destroy the records. Township Mot. at ¶ 10. On January 26, 2016, Benedict's counsel advised the Department of this lawsuit and requested that it preserve all records pertaining to McMahon's investigation and prosecution in anticipation of Benedict's subpoena. McMahon Mot. Ex. C. Benedict served her subpoena on the Department's Custodian of Records on May 23, 2016. McMahon Mot. Ex. B.

## IV.   Discussion

The Township moves to quash Benedict's subpoena pursuant to Fed. R. Civ. P. 45(d)(3), arguing that disclosing the requested records would violate the expungement order from the Chester County Court of Common Pleas. Township Mot. at ¶¶ 11-12. The Township also argues that to the extent Benedict's subpoena seeks any and all other investigative material pertaining to McMahon, her request violates Pennsylvania's Criminal History Record Information Act, 18 Pa. C.S. §§ 9102 et seq. ("CHRIA"), thereby exposing the Township to administrative and civil penalties. Township Mot. at ¶¶ 6-8.

McMahon argues in his motion for a protective order that Benedict should not be able to discover records that have been expunged, even if they have not yet been destroyed, and that her request for any and all records held by the Police Department pertaining to him is overly broad and likely to cause unnecessary embarrassment. McMahon Mot. Mem. at unnumbered p. 12.

Benedict opposes both the Township's and McMahon's motions, arguing that (1) there is serious doubt whether CHRIA creates a privilege regarding federal claims brought in federal courts, (2) the records she seeks are highly relevant, and (3) McMahon waived any privacy

interest in the information because he elected to go to trial in his criminal matter. Benedict Resp. Mem. to Township Mot. at 5; Benedict Resp. Mem. to McMahon Mot. at unnumbered pp. 3, 6.

The Chester County Court of Common Pleas granted McMahon's expungement request in accordance with Pa. R. Crim. P. 790. Rule 790 also provides that the individual seeking expungement may file a petition with the Clerk of the Court of the judicial district in which the charges were disposed. Pa. R. Crim. P. 790(A)(1). With respect to such requests, Pennsylvania law provides:

> Any expunged record of arrest or prosecution shall not hereafter be regarded as an arrest or prosecution for the purpose of any statute or regulation or license or questionnaire or any civil or criminal proceeding or any other public or private purpose. No person shall be permitted to learn of an expunged arrest or prosecution, or of the expunction, either directly or indirectly. Any person, except the individual arrested or prosecuted, who divulges such information in violation of this subsection shall be guilty of a summary offense…

35 P.S. § 780-119(b). Federal courts have taken note of the legal effect of 35 P.S. § 780-119(b) with respect to unauthorized uses of expunged arrest records in other proceedings. See, e.g., Association of Flights Attendants, AFL-CIO v. USAir, Inc., 960 F.2d 345, 346-47 (3d Cir. 1992) (explaining that unless the flight attendant himself divulged his expunged arrest record, it would violate Pennsylvania law to consider it during his grievance proceeding before a tribunal established by the collective bargaining agreement).

This Court has previously held that a federal court does not have jurisdiction to expunge a party's state court criminal records. Dix v. City of Phila., No. 15-532, 2015 WL 4624248, *9 (E.D. Pa. Aug. 3, 2015) (DuBois, J.) (unreported). A federal court's limited inherent powers do not provide it with jurisdiction to independently consider petitions for expungement of criminal records, even when those records are from a criminal proceeding in federal court. United States

5

v. Dunegan, 251 F.3d 477, 478 (3d Cir. 2001). Nor does a district court's ancillary jurisdiction provide for the consideration of petitions to expunge a criminal record. Id. at 479-80 (explaining that ancillary jurisdiction is meant to permit disposition by a single court of factually interdependent claims and to enable a court to manage its proceedings, vindicate its authority, and effectuate its decrees). A federal court has jurisdiction over petitions for expungement in the very narrow circumstances where the predicate for the expungement request is a challenge to the validity of either the arrest or conviction. United States v. Rowlands, 451 F.3d 173, 177 (3d Cir. 2006).[1]

Since we are without jurisdiction to expunge a state court criminal record except in the very narrow circumstances contemplated in Rowlands, we are, by analogy, without jurisdiction to reverse a state court's decision expunging a criminal record. The practical effect of permitting Benedict to obtain the expunged records would be to ignore or countermand the duly issued expungement order of the Chester County Court of Common Pleas. That court's authority to expunge arrest records and all related information cannot be abrogated by the fortuitous retention of records that have been ordered to be destroyed. Nor should a federal court foil the intent of the

---

[1] See also United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991) (explaining that the equitable power to expunge is very narrow, and appropriately used only in extreme circumstances, such as to remedy an unconstitutional state court conviction or to preserve basic legal rights); Allen v. Webster, 742 F.2d 153, 155 (4th Cir. 1984) (explaining that the relief of expungement is confined to exceptional circumstances); Diamond v. United States, 649 F.2d 496, 499 (7th Cir. 1981) (approving a case-by-case approach to expungement petitions while acknowledging the need to balance the public interest in the maintenance of records with the unwarranted adverse consequences to the individual); United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975) (explaining that courts have the power to expunge arrest records when the arrestee has been acquitted, but it is a narrow power that should only be used in the extreme or unusual case and not used routinely after acquittals); Melawer v. United States, 341 F. App'x 83, 84 (5th Cir. 2009) (non-precedential) (explaining that absent specific statutory authority, the scope of a district court's power to order the expungement of executive-branch records is narrow).

Pennsylvania legislature or courts by interfering to revive or retrieve documents that, as a legal matter, do not exist.

This conclusion comports with Fed. R. Civ. P. 26(c)(1), as well as the jurisprudence of Glenmede and Pansy. The seven non-exhaustive, non-exclusive factors outlined in those cases embody the balancing of public and private interests. In this case, there are both strong private and public interests militating in favor of quashing the subpoena and issuing a protective order prohibiting Benedict from obtaining the expunged-but-not-destroyed records. McMahon has a strong private interest in having the record of his arrest and prosecution expunged, and the Commonwealth of Pennsylvania has a strong public interest in having its expungement statute effectuated and orders from its courts honored by federal courts. In addition, the seven factors of Glenmede and Pansy weigh in favor of granting the protective order and quashing the subpoena.

First, McMahon has an interest in keeping his expunged records actually expunged. Without deciding whether McMahon has a privacy interest in those expunged records based on the jurisprudence of Nunez v Pachman, 578 F.3d 228 (3d Cir. 2009), and Fraternal Order of Police, Lodge No. 5 v. City of Phila., 812 F.2d 105 (3d Cir. 1987), we note that there is a strong presumption of a privacy interest since Pennsylvania has enacted a statute permitting the expungement of certain criminal records and precluded using those expunged records in subsequent litigation.

Second, while Benedict seeks McMahon's expunged records for the non-nefarious purpose of furthering her civil litigation against him, Pennsylvania's expungement statute expressly provides that an expunged record of arrest or prosecution "shall not hereafter be regarded as an arrest or prosecution for the purpose of any statute or regulation or license or

7

questionnaire or any civil or criminal proceeding or any other public or private purpose." 35 P.S. § 780-119(b).

Third, the fact that McMahon's trial and acquittal are public knowledge and his legal proceedings were covered by the local press mitigates, but does not eliminate, the potential for disclosure of the expunged records to cause him additional embarrassment. Fourth, although Benedict asserts that McMahon continues to be employed as a paramedic, the details of his arrest through his acquittal are not important to public health or safety. Fifth, although the sharing of information among litigants generally promotes efficiency, it would be unfair for Benedict to have access to records that, pursuant to court order under Pennsylvania law, should have been destroyed. Sixth, McMahon is not a public entity or official, but rather a private litigant. Seventh, this case does not involve issues of special importance to the public, as both McMahon and Benedict are private individuals.

We will therefore grant McMahon's motion for a protective order and preclude Benedict from obtaining his expunged records. As McMahon's expunged records are protected matter within the meaning of Fed. R. Civ. P. 45(d)(3)(A)(iii), we will quash Benedict's subpoena as to the expunged records.

Benedict's subpoena also seeks any and all records the Police Department has with respect to McMahon, including those unrelated to the December 10, 2013 incident. Benedict Resp. to McMahon Mot. at ¶¶ 22-26 & Ex. B. The Department claims that this information falls under CHRIA and thus it cannot disseminate this information to Benedict, who is not a criminal justice agency. Township Mot. at ¶¶ 7-8.

Common law governs a claim of privilege unless the U.S. Constitution, a federal statute, or a rule prescribed by the Supreme Court provides otherwise. But, in a civil case, state law

governs privilege regarding a claim or defense for which state law supplies the rule of decision. F.R.E. 501. Benedict brings both federal law and supplemental state law claims against McMahon. Other courts have concluded that CHRIA does not compel a federal court to recognize a blanket privilege against the discovery of police reports containing investigative information or complaints against third persons simply because the Pennsylvania legislature may have enacted a privilege, as that does not render the privilege as one fairly characterized as a principle of common law. See Griffin-El v. Beard, No. 06-2719, 2009 WL 1606891, *15 (E.D. Pa. June 8, 2009) (Restrepo, U.S.M.J.) (unreported) (adopting this reasoning from Curtis v. McHenry, 172 F.R.D. 162, 164 (W.D. Pa. 1997)). See also Guerrido-Lopez v. City of Allentown, No. 15-1660, 2016 WL 1182158, *2 (E.D. Pa. Mar. 28, 2016) (Heffley, U.S.M.J.) (unreported) (state statute protecting confidentiality of criminal records does not justify denying discovery of evidence relevant to claims brought against municipal defendants under federal civil rights statutes). Contra McCrery v. Mark, No. 90-4652, 1992 WL 208980, *1 (E.D. Pa. Aug. 19, 1992) (Pollak, J.) (unreported) (arguing that common law arguments have no bearing when a privilege is codified by law).

     We are persuaded by the reasoning in Griffin-El, Curtis, and Guerrido-Lopez that CHRIA does not compel us to recognize a blanket privilege against the discovery of police reports containing investigative information or complaints against third persons. We will therefore decline to quash that portion of Benedict's subpoena that seeks other records and information unrelated to the December 10, 2013 incident that pertain to McMahon, excluding the expunged record pertaining to the December 10, 2013 incident.

## V.      Conclusion

We will grant McMahon's motion for a protective order pertaining to the expunged record of his arrest, prosecution, and acquittal currently held by the Police Department with respect to the December 10, 2013 incident, and we will grant the Township's motion to quash as to Benedict's subpoena only with respect to that same corpus of information. We will deny the Township's motion to quash as to the remainder of the subpoena requesting other records the Police Department possesses with respect to McMahon and will modify the subpoena accordingly. An appropriate Order granting in part the Township's motion to quash and granting McMahon's motion for a protective order follows.

BY THE COURT:

 /s/ Stewart Dalzell, J.
Stewart Dalzell, J.